NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

File Name: 18a0579n.06

Case No. 17-2390

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Nov 20, 2018
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| RODNEY MARTIN, | ) | MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE: ROGERS, STRANCH, and THAPAR, Circuit Judges.

THAPAR, Circuit Judge. After getting caught with guns and drugs, Rodney Martin was sentenced to a below-guideline sentence of 168 months in prison. On appeal, he argues his sentence was procedurally and substantively unreasonable. We reject his arguments and affirm.

I.

Rodney Martin trafficked drugs in southwest Michigan. The police caught on after a confidential informant reported that Martin sold drugs with William Wilson out of a Kalamazoo home. At the police's request, the informant made two controlled buys of cocaine base: one from Wilson and one from Martin.

After the controlled buys, police executed a search warrant at the house. They found Martin and Wilson inside—along with guns, drugs, and drug money. Specifically, they found two shotguns, two handguns, and various calibers of ammunition. They also found five grams of

cocaine, three grams of marijuana, and drug-trafficking paraphernalia: digital scales, narcotics packaging, and razor blades. Finally, they found over $900 in cash on a table and nearly $1,000 on Martin's person.

A grand jury indicted Martin for: (1) being a felon in possession of firearms, (2) possessing with intent to distribute cocaine, and (3) possessing firearms in furtherance of a drug-trafficking crime. Martin pled guilty to counts two and three, and the government dismissed the first count. For count two, the probation office calculated a guideline range of 262 to 327 months based on the fact that Martin was a career offender. And count three earned Martin a mandatory minimum sentence of 60 months in prison, consecutive to count two.

The district court varied and departed downward because it believed the career-offender enhancement overstated the seriousness of the offense. So the court sentenced Martin to 108 months in prison for the cocaine conviction and a consecutive 60 months in prison for the firearms conviction. Martin now appeals his below-guideline sentence.

## II.

Martin argues that his 168-month sentence is procedurally and substantively unreasonable. This is a difficult argument to make for two reasons: (1) the sentence included a substantial reduction from his guideline sentence, and (2) we give considerable deference to a district court's decision about the appropriate sentence. *Gall v. United States*, 552 U.S. 38, 51 (2007).

First, Martin argues that his sentence was substantively unreasonable because the district court should have given greater weight to the nature and circumstances of the offense and his history and characteristics. But the district court considered these factors carefully. Indeed, the court varied and departed downward over 150 months because it believed that "the application of the career-offender guideline . . . overstate[d] the *seriousness of the underlying offense*." R. 84,

Pg. ID 590 (emphasis added). Moreover, the court considered Martin's desire to do better with his life, as evidenced by the positive strides he had made after his arrest. But the court also considered other factors. It noted Martin's pattern of drug-trafficking convictions, that he failed to take advantage of previous rehabilitative opportunities, and that he committed this offense six months after he was released from supervision for a prior drug-trafficking conviction. Further, Martin had firearms even though his prior felony convictions prohibited him from having them, and this offense involved the dangerous mix of drugs and guns. In short, the court considered both the nature of the offense and Martin's positive and negative history and characteristics. In performing its analysis, the district court concluded that the factors Martin pointed to made a below-guideline sentence appropriate but that significant prison time was still needed to achieve the purposes of sentencing as set forth in other § 3553(a) factors. And it is not our job to second-guess the district court's reasonable balancing of the factors. *United States v. Sexton*, 512 F.3d 326, 332 (6th Cir. 2008).

Second, Martin claims that his sentence was procedurally unreasonable because the district court should have more fully considered his argument that "tough on drugs" sentencing enhancements do not work.[1] Because Martin failed to raise this objection at the sentencing hearing after the court gave his counsel a chance to raise any objections, we review Martin's argument for

---

[1] The parties framed this as a substantive-reasonableness argument, but it is a procedural-reasonableness argument. *See Gall*, 552 U.S. at 51 (explaining that the adequacy of the district court's explanation for the sentence is part of procedural-reasonableness review); *United States v. Simmons*, 587 F.3d 348, 355 (6th Cir. 2009) (classifying as procedural the defendant's argument that "the district court failed to address defendant's argument for a downward variance based on the disparate treatment of crack and powder cocaine"). Even though Martin waived his right to challenge the procedural reasonableness of his sentence, we are considering the merits of his argument because the government has not pressed the appeal waiver. *See Jones v. United States*, 689 F.3d 621, 624 n.1 (6th Cir. 2012).

plain error. *See Simmons*, 587 F.3d at 360; *United States v. Bostic*, 371 F.3d 865, 872–73 (6th Cir. 2004).

The district court did not commit an error in this case, plain or otherwise. The court was required to explain the sentence that it imposed, but it was not required to "give the reasons for rejecting any and all [of Martin's] arguments . . . for alternative sentences." *United States v. Vonner*, 516 F.3d 382, 387 (6th Cir. 2008) (en banc); *United States v. Gale*, 468 F.3d 929, 940 (6th Cir. 2006). The district court thoroughly explained its rationale, and its reasoning was definitely sufficient to "permit reasonable appellate review." *Gale*, 468 F.3d at 940. That is all that was necessary. *See Vonner*, 516 F.3d at 388. Moreover, the district court clearly considered Martin's overall argument and supporting evidence in agreeing to a significant downward variance. *See Gale*, 468 F.3d at 941; *see also United States v. Phinazee*, 515 F.3d 511, 518 (6th Cir. 2008). Accordingly, Martin's sentence was procedurally reasonable.

We affirm.